Would the attorneys who are going to argue the case please approach the podium, identify yourselves and the party you represent, and indicate to us how much time you would like for your argument. And keep in mind that the microphone is for recording purposes, not for amplification. So if you want to be heard by throngs in the background, you can speak up. Thank you for the reminder. I'm Emily Hartman with the State Appellate Defender's Office. I represent the appellant Armand Braden. And I'll take 12 minutes for the argument and three for rebuttal. Assistant State's Attorney Douglas Harbath on behalf of the people. Probably 10 minutes to respond. Very well, thank you. Ms. Hartman? Good morning, Your Honors. May it please the Court. Counsel? There is nothing in this record that shows that Armand Braden understood the consequences of withdrawing the motion to vacate plea that he had filed, including that by doing so he was giving up his right to appeal. He was never given the required admonishments under Illinois Supreme Court Rule 605C. He wasn't present when that motion to vacate plea was withdrawn. The purpose of giving 605C admonishments is to make sure that a defendant knows of Rule 604D's strict requirements for appealing a guilty plea. And because it would violate due process to hold a defendant responsible for noncompliance with 604D when he wasn't admonished, the Supreme Court requires strict compliance with the admonishment requirements. Let me just ask you, if we were to send it back for new admonishments, does that moot all the other issues about the withdrawal, whether it be present and the affidavit that this attorney signed or didn't sign? Does that moot all those other issues? Yes, it does. Okay. It does. When the admonishment exception, as it's called, when a case is remanded for that, it includes the opportunity for after you're probably admonished to file a new motion and go through new procedures. We just start all over. Exactly. Would you agree that if we send it back, it goes back to the point he's just been sentenced, his deal is still in place, and then whatever he's going to do, he's going to do? Correct, because the admonishments are supposed to be given at the time of sentencing, so it would go back to right after he's sentenced and he's going to be admonished. But in this case, no 605C admonishments were given at all. And even though a motion to vacate plea was filed in this case, before it was subsequently withdrawn, the failure to give 605C admonishments is not harmless error. 605C doesn't just tell a defendant of the need to file a motion to vacate plea. It tells him that he has to file it or else he can't appear at all, and that he waives all of his claims that he doesn't put in the motion. Without 604D compliance or 605C admonishments at a minimum, the error here can't be harmless. What admonishment did he not receive? He didn't receive any of the 605C admonishments, so all of the admonishments he received dealt with the motion to reconsider sentence. Nothing mentioned a motion to vacate plea or that the state could bring the charges back or that were dismissed as part of the plea. Anything dealing with the plea itself was not mentioned. And that's the entirety of 605C. So counsel under 604D is required to consult with the defendant to ascertain his contentions of error and to make sure that those claims are adequately presented in the motion. When a defendant isn't told that all of his claims that aren't in the motion are waived, and counsel doesn't certify that she got all of his claims and put them in the motion under 604D, the error can't be harmless because there's no showing that the defendant knew of that requirement. Do you think that actions by counsel can make up for the admonishments, the failure in the admonishments of the judge? No, because the Supreme Court puts the duty on the judge to admonish him. It was addressing harmlessness of the admonishment error. So the state might have an argument that it was harmless if, in fact, the record was clear that his counsel admonished him properly, perhaps. If maybe that was the only admonishment missing. Right, right. So all of them are missing here, so that's more of a problem. What was given here, as I said earlier, was just sentencing admonishments, so partial 605B admonishments. And that's not substantial compliance. If the Supreme Court wanted part of 605B to be sufficient, it would not have enacted the rest of B, nor would it have enacted 605C. So your position is that because he did not receive a sufficient admonishment with respect to vacating his guilty plea, which is indicated he wanted to do by his initial filing of some sort saying he was coerced into pleading guilty, that the case should be remanded back so that his plea is still a record and still at the judgment. He now receives the admonishments in compliance with the rules, and then he has 30 days to do whatever he wants to do, if any. That's correct, Your Honor. The admonishment exception is well established that it doesn't remove the plea or the sentence. He's still sentenced as agreed, and it would just be for new proceedings. So the admonishments were also, it's not substantial compliance to give admonishments that only mention a sentence, even though 605B and 605C do have similar procedural requirements, there's no reason to think a criminal defendant is going to know that the same things he's told about a sentence are the same types of things for the plea. He doesn't read the rules. He doesn't know that they're similar. But ultimately, 604D and 605 admonishments, those rules contain safeguards that protect a defendant's due process rights. Without the admonishments, defendants aren't told about the consequences of leaving out a claim or the failure to file a motion. If the case was remanded simply on the admonishments issue, do we even need to address the fines and fees perennial issue that is constantly raised? Fines and fees are imposed as part of the sentence, and the sentence is still there. So the proper thing would be to address the fines and fees. Most of those issues, most of them are pending currently before the Illinois Supreme Court. I'm sorry? Most of those issues are pending before the Supreme Court. However, because the sentence would still be in place, the fines and fees are still in place. Okay. The double safeguards of 604D and 605C, neither of them was present in this case. So I respectfully request that this Court remand his case for proper admonishments. Let me just ask, what do you – I guess more important than what went wrong, what can be done to clean this up at the trial level? Because this is a lot of time that we've all spent on this issue for the lack of six words maybe or 12 words that should have been said. I mean, is it – what can happen? So the simplest thing is to follow the admonishment exception and remands, and the trial court should, you know, can even read straight from the rule. The easiest way is just to go down 605C and read all of the things that the Supreme Court says must be told, and then new proceedings would happen, and we don't know what – maybe he doesn't want to file it. Maybe he does. He can ask for counsel. That's a pretty good sentence considering what his co-defendant got, right? Right. But those – you know, there's a – I haven't noticed what grounds somebody may have for breaking the plea, certainly. I don't know what evidence the State would have had for alibi witnesses or anything. So we're going to listen to his reasons. He may have reasons, but just going back to giving the proper admonishment so he knows that Illinois law has a limited way to attack your plea, and we make sure that defendants know of how to do that. And this is certainly just admonishments. That's all that would be required. A lot less work than we've gone through so far. It's also important to note that neither Brayden nor his attorney were in court on or after the date the motion to vacate plea was filed. Assuming that, you know, for the sake of argument, the counsel brought a draft order to the court, the court agreed to sign it. Even in that situation, both counsel and the court are operating under the assumption that Brayden was properly admonished. So they're going to be assuming that they told him everything he needed to know and that his withdrawal, even if he wanted to withdraw that motion, was knowing and intelligent, that he had asserted his appellate rights and he had filed a motion that he wanted to withdraw it and he knew what he was giving up. But that's a mistake. As we know, the importance of this is because Illinois only has this limited way to challenge your plea, and that is why the Supreme Court foster says due process requires defendants be told of the 604D's requirements. One of the questions this case asks is that once a defendant is asserted that he wants to challenge his plea, what procedural protections are in place if the same defendant later moves to withdraw that challenge and thereby give up these appellate rights? The State's position is that there are none. But there are severe consequences when you withdraw a motion to vacate plea, just as if you don't file one. Whatever grounds a defendant had for challenging his plea might still be present at the withdrawal of the motion to vacate. Here Braden filed a motion to vacate plea and a notice of appeal challenging his plea, so there's some indication he wants to attack his plea. And this particular motion alleged that his plea was coerced. So an allegation of coercion is a red flag. If Braden's plea was coerced, maybe the same coercion was present when the motion to vacate plea was withdrawn. And so just as due process requires that a defendant be told of his need to file a motion to vacate plea before he can appeal his plea, it also affords him a right to be present when any challenge he's already asserted to a plea is withdrawn. Are you suggesting that is a universal rule? No. Are you just saying here it can't be harmless because that didn't happen? I'm saying that here, ultimately, there's no need for a bright line rule. This is because the failure to ever tell him of the consequences of the motion to vacate, what that withdrawal meant, certainly that at a minimum ensures that he had a right to be here to ensure that, just as the Supreme Court said in Foster, that he knew of 604D's requirements and that, you know, accordingly he knew of what he was giving up when he withdrew the motion. So if proper admonishments are given, you're not contending that in that case the defendant still has to be present to withdraw his motion? The proper admonishments would ensure that giving up the motion is knowing and intelligent, but there would still be a problem with the voluntariness if that was shown here. Not here, just in a perfectly admonished situation. Oh, I mean, in compliance with the admonishments, a motion is filed to vacate and then it's withdrawn. Are you saying that the defendant has to be present to be sure he really wants to withdraw? That would be a best practice because of how complex Illinois rules are, but certainly the procedure here, the summary procedure, you know, the in-chambers order, where it was to a summary to terminate all proceedings in this case, which that's the effect that it had. However, if you consider the way that an appeal is dismissed in this court, when an appeal is dismissed in this court there's a simple declaration from the defendant that asserts that he was told of the consequences and, most importantly, including that he's giving up his right to appeal his plea. He signs it, and then the attorney also signs something with a sworn affidavit saying I told him of the consequences, including, very important, that he knows that he's giving up his right to appeal his plea. Something like that, certainly, maybe he doesn't have to be in court, but from both parties saying you're giving everything up and you're really giving up your last chance, and that would be a simple way to do it. We do it in this court all the time. But, again, you agree we don't have to get there. No, you don't have to get there because he's never told anything. He doesn't know. So in this case, the simple request that Brayden has for relief is to go back for 605C admonishments. If this Court has no more questions, I'll reserve the rest of my time for rebuttal. Very well. Thank you. Good morning. Good morning. May it please the Court, Assistant State's Attorney Douglas Harbath on behalf of the people of the State of Illinois. I'd like to begin with, and I know Justice McClain and Justice Pierce have both mentioned this, if this does go back, what does it go back for? And if we find that the admonishments were deficient, do we have to do all these things that you're suggesting, that the defendant has a due process right to be personally present to withdraw his motion to withdraw, and if that can be done in the defendant's absence? So I would start with this, without conceding. If this Court does deem the admonishments deficient, not really deficient, but that the defendant was prejudiced, and that's what Dominguez says, that he was prejudiced by the admonitions, it was some aspect of those warnings that sort of prevented the defendant from doing what he had to do. The proper remedy is, as discussed and as counsel pointed out, is to send it back to be re-admonished under 605C. But this Court certainly, under no circumstances, should do so based on the conjecture that the public defender coerced her client, or that she surreptitiously withdrew this post-plea motion against his wishes, and that she perpetrated a fraud on the Court, that she lied to the circuit court and sort of snuck this past the bully. Right. I think the reason all that comes up is only because I think you have argued that there's no prejudice, and we're saying, she's saying, and to some extent we're saying, well, we really don't know what happened afterwards. We can't tell if there was prejudice or not, because then the motion to vacate the plea was withdrawn. We don't know what that was about or what happened. And that's true, and our principle argument is that there has been no showing of prejudice, and that's what Dominguez said, relying on J.T., that the defendant has to show some aspect of the warnings that prevented him from doing what he had to do to preserve his right to appeal. And in this case, we know that didn't happen because the one aspect of the admonishments that were deficient, and they were, I concede that, the judge did not tell this defendant in order to withdraw your plea or to file a notice of appeal that you have to, within 30 days, file a motion to vacate the judgment and withdraw your guilty plea. Instead of those words the judge said, you have to ask that I reconsider your sentence. So that was a mistake. But the defendant wasn't prejudiced because he did exactly what the judge filed to admonish him. This defendant filed what 605 instructs and what 604D requires, a motion to vacate his guilty plea. He did that. But if he didn't know it was ---- How do you know he did that? Why are you saying he did that? Because that was a document that was filed. Signed by him? It was signed by him. It was a pro se filing that was filed as a courtesy by his appointed counsel's trial counsel. She wrote Caroline Glennon for defendant. So she filed it on his behalf. So she signed it on his behalf? She wrote her name on it. Well, did he sign it? I believe he did. It has some irregularities. He filed his own 604D certificate, which is not his certificate to file. That's why the public defender didn't sign it. And make no mistake, there was no adherence to the certificate requirement because nothing was needed, because she ended up withdrawing the motion at his direction and at his request. But if he didn't know he needed to file it, he filed it. But he didn't know he needed to file it, so he then withdrew it. That's where the question of whether there was or wasn't prejudice came up. And I think our position is that there was no prejudice because what Dominguez requires for 605C. Tell us, forget Dominguez. Why is there no prejudice in that special situation? Okay, because he was put on notice. He was adequately put on notice what the rule requires. Who put him on notice? The judge. The judge taking the plea. And telling him he had to file a motion to vacate his sentence? Vacate his plea? Our argument is. The judge didn't tell him that. He didn't use that language. He told him that. There's one. There's one language he told him, said you have to move to vacate your plea of guilt. Correct, but he did that. He didn't say anything like that. Well, he did that. The defendant did that anyway. There are cases at Legion of a trial. And I'm not suggesting that this is how a judge should admonish a post plea defendant. We don't accept your comments as saying that. But you're saying that the judge did that. Well, the judge didn't. Now, the defendant may have had a piece of paper that indicated he knew that, but it didn't come from the judge. Well, I guess in preparing for this argument, I was imagining a situation where the defendant actually proceeded on this motion. That it was set for a hearing and then he lost. Or that he won. Okay. Where would the prejudice be in that situation? He filed the motion. He filed it. One thing the judge neglected to tell him. It would be hard to find. It would be hard to find. You'd only have those facts. Okay. So I think the defendant lost his right to appeal in the case, not because of the deficient admonishments, but because he withdrew his post plea motion after conferring with counsel. The circumstances under which he filed his post plea motion, of course, are unknown. To the extent that he's claiming that he was coerced or that trial counsel coerced him into withdrawing the post plea motion, or that she did it against his wishes and unbeknownst to the, you know, as a sort of fraudulently in the circuit court. If those are claims that he wishes to make, those need to be made in the post conviction petition. So there is speculation what actually happened. And there's, we don't know what happened. But we do know that the defendant filed the proper document. And the opposing counsel seems to recognize that, having amended the late notice of appeal to reflect March 17, 2015, which is the date on which he withdrew the post plea motion instead of January 30th, which was the date of the plea, seems to recognize the efficacy of the defendant's filing the proper document, the proper post plea motion. Well, while that is out there, we don't really have jurisdiction because the trial court still has jurisdiction while that motion is out there. Right? So March 17th really kind of is the date. Well, it's not a final unappealable order, which is the defendant. The original order becomes final and appealable once the motion to vacate the plea is made. Arguably, that is true. Okay. I mean, you're right. I think you're 100% right. We can't speculate on what happened or assume that there was coercion from the trial court. But you're asking us to make an opposite assumption. You're asking us to make the assumption because he filed the motion and then withdrew it that he absolutely knew that's what he had to do and he made a conscious decision, I don't want to appeal. And you want us to presume all that from a really mucky record. Well, I guess it's not simply that, Your Honor. It's the other admonishments that were given, that he had the right to appeal, that prior to appealing he had to file within 30 days a motion challenging, and the judge said sentence instead of a motion to withdraw your guilty plea, that you have to include all the grounds in your post plea filing, that you're entitled to a free transcript and the appointment of counsel, that he must file a notice of appeal within 30 days of the entry of the order disposing of that motion. So everything else was closely aligned with 605C. In this court, in People v. Crump, actually said that the admonishments in 605C are, quote, almost identical to those in 605B. So they are very close. And I acknowledge, Justice Pierce, there were differences. There was a language that was different. But they are very similar. I guess that fact combined with what the defendant did have the wherewithal to file, it's our position that he wasn't prejudiced. With regard to indicating, should we ‑‑ So what would be the most efficient use of the judicial resources? Remand for proper admonishments or forcing the defendant to engage in post‑conviction proceedings? I guess the ‑‑ respectfully, I don't know that what's most efficient really is necessary which should guide this court's decision. Well, humor me. Well, of course. I mean, the quickest would be to send it back for new admonishments. I mean, that would be the quickest. What's the most efficient, not quickest, the most efficient, to get to what apparently may or may not be this defendant's issue? Right. What's the most efficient way of dealing with this issue? To properly admonish him or to say, no, everything was close enough for government and file a PC and we'll start that process all over again? Well, to that I would say I guess it depends on the defendant's position, but I would argue that we know the ‑‑ meaning the defendant himself, Mr. Brayden, whether or not he is going to go forward and assert his claim that he was coerced. And I would argue that we already know that that's not the case because he conferred with counsel, was reappointed, and she's ‑‑ Margie, is there anything in the record reappointing her? It's not in the record that she was reappointed. Granted, I think it's ‑‑ I presume that she was because she did act on his behalf. She represented as an officer of the court, and the Tribal Circuit Court is allowed to rely on her professional responsibility and her professionalism. I mean, that's the rule in our representative system of litigation where the defendant speaks and acts through his attorney, and that's what happened in this case. But to get back to your question ‑‑ Generally, would the record reflect a reappointment on a post plea motion? Generally, if the case ‑‑ the motion is filed, it's set on the docket, given an initial court date, and the public defendant will be reappointed. That's typically what happens, and that usually is on the record. Okay. But it's not in this case. Not in this case. But we have the representation by a qualified and professional assistant public defender who represented that she spoke with Mr. Braden, that he no longer wishes to pursue his claim of coercion, but he wishes to withdraw his motion to withdraw his guilty plea. So I would suggest in answer to your question, maybe the most efficient way is not to send this back for new admonishments, because we already know, I'm arguing, that the defendant's already represented through his attorney that he no longer wishes to pursue his claim of coercion. If he does want to, if he still wants to do that, if he wants to make this claim that he was coerced or that the public defender acted nefariously in the post plea proceedings, then he has every right to do that, and he can write a 25‑page affidavit detailing his claims in a post conviction petition, and it will all be aired out, if that's what he wishes to do. But just, and I would respond to the argument that, so if this court obviously has to write an opinion in this case, or an order, should you create a rule, either a general rule, a reputable rule, or just in the facts of this case, if the defendant has a right to be personally present, I would think that would be completely inconsistent with legions of cases, including the decisions of this court, that a defendant does not have the personal right, the due process right to be present for any post plea proceedings, and as I stated in my brief, I will allow that most defendants, if they file a post plea motion, they're brought in, they're written in from IDOC, naturally. But I would hate to see this court issue an opinion saying that a defendant must be written in every time a post plea motion is filed. Okay, or withdrawn. And certainly in a case, as in this case, when he asks that it be withdrawn, it makes no sense, and that would be the height of inefficiency, the person to be written in. I'm sorry, and am I also correct that there is no transcript of this date when this order was entered? There's just the court document itself, the court order, that counsel authored and the judge signed. So I think that would, and just to end how I began with this court, and I can tell by the questions, the tenor that this court is. It's okay. If it's inclined to find that the admonishments were deficient and that he was prejudiced, that he didn't do what he had to do to perfect his right to appeal by withdrawing that motion today, Kate, then it should send it back for re-admonishments. It can do it in a summary order. It should not reach the other issues regarding this speculation about sort of untoward activity on the part of the public defender. What about the fines and fees? As my opponent pointed out, those are pending, but not only are they pending with regard to the issues, the specific fines and fees that we disagree on. This court has already upheld their propriety, and I would ask that this court, particularly in People v. Brown, I believe that's the most recent case. There's some you concede, though. There are some we do concede. That's what we should address. I think this court has to address them, and it may be a point of academics, but we have a lengthy jurisdictional section in our brief where the defendant has asked that jurisdiction be based on March 17th when the fines and fees were ordered on January 30th. So I'm not suggesting that if this court wants to treat them all as sort of the order that's being appealed from, that's fine, but I think this court does have to address them, but I'd ask that it adhere to its prior decisions interpreting Jones with regard to those fines and fees. Thank you. So for all those reasons, we would ask that this court dismiss the appeal. Thank you. Thank you. Professor Adler's earlier hypothetical, if there was a hearing on the merits and a full ruling on the motion, and Mr. Braden won the right to withdraw his plea, there wouldn't be any prejudice, correct, in this case? The State's position that the motion to vacate plea was a pro se motion signed by Counsel Ford, Mr. Braden, and then Counsel was reappointed without there being a record, in that situation it's not really clear how the State, how the Counsel has this authority to withdraw the motion. So if this court wants to accept that this was a pro se motion to vacate plea and a pro se 604D certificate, then Counsel did not have the authority to withdraw the motion. She wasn't reappointed on the record after that. The admonishments were deficient because the entirety of 605C was not given. The fact that there is a similarity between 605B and C, as an appellate defender I have read both rules and I know, but that is a thing a criminal defendant has not. A criminal defendant is not aware that we happen to use the same procedure to attack a sentence as we do to vacate a plea. This was a separate sentencing hearing. It was two months after the plea, but there's nothing to suggest that he would even figure out that it was going to be the same procedure without a copy of the Illinois Supreme Court rules. This is a situation where we're not saying that Counsel necessarily coerced a plea or that there was anything nefarious. The record just doesn't show it. And certainly when there is an allegation of coercion, what should the court do to make sure that the withdrawal of a motion to vacate alleging coercion isn't also coerced? A simple colloquy, because of the complexity of our law, is the best practice, but at the very least something from the defendant and Counsel explaining that we're both on the same page as far as that this is giving up your entire right to attack your plea. We're not asking for a bright-line rule, just to reiterate. And at the same time, with regard to having to bring a defendant in every time a motion to vacate a plea is withdrawn, it's not a very common situation. This isn't something that happens often enough for that to be a concern. The most efficient way to address the funds and fees, of course, is just to simply follow Graves. Graves says, looks at whether or not the monetary assessment, whether or not it pertains to the prosecution of this particular defendant. And as argued in the opening brief, there are a number of funds and fees that, based on the form that the circuit clerk prepares in Cook County, they've decided are fees. But those don't relate to the prosecution of this defendant in this case, so just follow Graves. Thank you very much. For the reasons stated today and in Mr. Graydon's opening brief, we request that this Court reamend this case for proper admonishments. Thank you. The Court would like to thank the attorneys arguing on behalf of the State and the defendant for the excellent briefing, and we'll take it under advice. Thank you.